**RESOURCES CORPORATION INTERNA-TIONAL v. SECURITIES AND EXCHANGE COMMISSION.**
No. 67568.

District Court of the United States for the District of Columbia.
July 18, 1938.

George P. Hoover and James R. Murphy, both of Washington, D. C., for plaintiff.

Allen E. Throop, Gen. Counsel, and Thomas J. Lynch and Robert E. Kline, Jr., Assts. Gen. Counsel, Securities and Exchange Commission, all of Washington, D. C., for defendant.

BAILEY, Justice.

I think that the instant case differs somewhat from the case of Jones v. Securities & Exchange Commission, 298 U. S. 1, 56 S.Ct. 654, 80 L.Ed. 1015. In the Jones Case, on the day before the day upon which the statement would otherwise have become effective under Section 8(a) of the Securities Act, 15 U.S.C.A. § 77h(a), the Commission notified the registrant of a stop order hearing, and the Supreme Court held that this prevented the statement from becoming effective. The Court said [page 660] "In this proceeding, there being no adversary parties, the filing of the registration statement is in effect an ex parte application for a license to use the mails and the facilities of interstate commerce for the purposes recognized by the act. We are unable to see how any right of the general public can be affected by the withdrawal of such an application before it has gone into effect. Petitioner emphatically says that no steps had been taken looking to the issue of the securities; and this is not denied. So far as the record shows, there were no investors, existing or potential, to be affected. The conclusion seems inevitable that an abandonment of the application was of no concern to anyone except the registrant. The possibility of any other interest in the matter is so shadowy, indefinite, and equivocal that it must be put out of consideration as altogether unreal. Under these circumstances, the right of the registrant to withdraw his application would seem to be as absolute as the right of any person to withdraw an ungranted application for any other form of privilege in respect to which he is at the time alone concerned."

In the present case the stop order proceedings were not instituted until after the registration statement had gone into effect, so that the plaintiff's motion to withdraw its application was not an attempt to withdraw an ungranted application.

In the Jones Case, the Court called attention to the fact that the securities had not been sold by the registrant and that there were no investors, existing or potential, to be affected by the withdrawal. While there is no showing that any of the

shares embraced in the plaintiff's registration statement had been sold, there were outstanding over 650,000 shares of like stock of the plaintiff corporation, and the interest of these stockholders as well as those who might thereafter invest might be affected.

I think that the question here is not whether the action of the defendants in refusing to permit the plaintiff to withdraw its application is erroneous or not, but whether, in view of the decision in the Jones Case by the Supreme Court, it has deliberately acted in disregard of the law. I cannot say that it has so acted. Its action was interlocutory only, and after a final hearing the whole case can be reviewed by the Circuit Court of Appeals.

It would be a very extreme case that would justify a court to review an interlocutory order of another court or of a board with quasi judicial powers by an injunction to restrain further proceedings, where Congress has vested in the Circuit Court of Appeals the jurisdiction to review all the proceedings after a final hearing.

The result is that in my opinion, the plaintiff has his remedy at law under the statute, and that the application for an injunction should be denied, and the motion to dismiss the bill of complaint sustained.